UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ALCINDOR FRANCIS STANCEL, #1103218

    Petitioner,

v.                                      CIVIL ACTION NO. 2:11CV304

HAROLD W. CLARKE,
Director of the Virginia Department of Corrections,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure.

### I.   STATEMENT OF THE CASE

On June 20, 2007, a jury in the Circuit Court of Norfolk, Virginia, convicted Alcindor Francis Stancel ("petitioner" or "Stancel") of receiving stolen property in violation of Virginia Code §18.2-108 and grand larceny in violation of Virginia Code §18.2-95. (Resp. Ex. 1, ECF No. 8-1). Stancel was sentenced to a total of ten years imprisonment with 2 years suspended. Id. He appealed his conviction to the Court of Appeals of Virginia, which affirmed the trial court in an unpublished decision dated September 24, 2008. (ECF No. 8-2). His ensuing Petition for Appeal was refused by the Supreme Court of Virginia on March 18, 2009. (ECF No. 8-3).

1

Stencel then filed a petition for writ of habeas corpus with the Supreme Court of Virginia on December 7, 2009. (ECF No. 8-4). In his state petition, Stancel made eight claims that he was denied effective assistance of counsel, and a number of claims he was denied due process in violation of the 14th Amendment. In part these due process claims alleged the evidence was insufficient to sustain his two convictions. (ECF No. 8-4 at 4). The Supreme Court of Virginia dismissed this petition by an unpublished opinion on June 1, 2010. (ECF No. 8-6).

On September 22, 2010, Stancel, proceeding pro sé, filed a timely habeas petition in this Court. (ECF No. 1). He alleges only one ground in his federal petition-- that he was denied due process when the trial court denied his attorney's motion to strike the evidence at the conclusion of the Commonwealth's case because the evidence was insufficient to convict him. (ECF No. 1 at 5).

On July 11, 2011, respondent filed his Rule 5 Answer and Motion to Dismiss, along with a brief in support. (ECF Nos. 6-8). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), Stancel was given an opportunity to respond to respondent's Motion to Dismiss with any material he wished to offer in rebuttal. (ECF No. 9). Stancel filed no response, and the time for responding has now expired. Accordingly, respondent's motion to dismiss is ripe for judicial review.

## II. ANALYSIS

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can

apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes, and the Court agrees, that for purposes of federal review, Stancel's claims have been exhausted. (ECF No. 8 at 2).

Once a petitioner's state remedies have been exhausted a court may not grant relief on any claim adjudicated on the merits by the state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1)-(2); Schriro v. Landrigan, 550 U.S. 465, 473 (2007). A state court's decision is contrary to clearly established federal law if the court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. Factual determinations made by a state court are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Landrigan, 550 U.S. at 473-74.

Though Stancel alleges only one ground in his federal habeas petition, that ground challenges the sufficiency of the evidence for both his grand larceny and receiving stolen goods convictions. Thus, the Court must analyze the decision of the Court of Appeals of Virginia

3

separately with respect to each count of conviction. The Virginia Court of Appeals summarized the evidence against Stancel as follows:

> ...[O]n October 26, 2006, Kevin Bonner, a delivery truck driver loaded the back of a refrigerated truck with approximately 10,000 pounds of seafood. He then drove the truck to Norfolk from Newport News. He arrived at a grocery store, parked the truck, left the keys in the ashtray, and entered the store with some boxes from the truck. When he returned minutes later, the truck was gone. The only person he had seen in the area before entering the store was a man wearing a dark hooded sweatshirt. Bonner immediately contacted the police.
> Officers Richard Senter and Matthew Harris reported to the scene and received a dispatch concerning two men unloading a delivery truck in a suspicious location. The officers responded to the call and found the truck parked between two buildings. Appellant and another man were unloading the truck. Appellant held a box of crabmeat and stood among other boxes piled on the ground. A black hooded sweatshirt was draped over a nearby clothesline.
> As the officers approached, appellant dropped the box and fled. Appellant disregarded the officers' commands to stop and was eventually apprehended after being located crouching behind the bushes.

(ECF No. 8-2 at 1-2).

The Court of Appeals concluded that Stancel had not properly raised an objection to the sufficiency of the evidence on his grand larceny charge which relates to the crabmeat in the truck. The Court also held that the evidence was sufficient to sustain Stancel's conviction for receiving stolen property which relates to the delivery truck. Having reviewed the decisions and the record of the trial court, the undersigned concludes that Stancel's federal habeas petition challenging his grand larceny conviction is procedurally defaulted, and the Court of Appeals' decision on his receipt of stolen property conviction was not based on an unreasonable determination of the facts, nor was it contrary to or an unreasonable application of federal law.

### A. Grand Larceny

With regard to petitioner's conviction of grand larceny for the crabmeat, his claim for habeas relief is procedurally defaulted. A federal habeas petitioner's claims are procedurally

defaulted "[if] a state court clearly and expressly bases its dismissal on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." Breard, 134 F. 3d at 619 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A state rule is adequate and independent where it is "regularly or consistently applied by the state court," and "does not rely on a rule of federal constitutional law." Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1994) (citing Johnson v. Mississippi, 468 U.S. 578, 587 (1988)).

A petitioner may overcome a procedural default by showing "cause and prejudice" or by establishing that his confinement constitutes "a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977). A procedural default is excusable under the cause and prejudice standard when the petitioner demonstrates (1) "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and (2) that "errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Frady, 456 U.S. 156, 170 (1982)). A proper showing of "actual innocence" is sufficient to satisfy the "miscarriage of justice" requirement. See House v. Bell, 547 U.S. 518, 536-37 (2006).

In this case, the Virginia Court of Appeals held that Stancel's trial counsel did not preserve an objection to the sufficiency of the evidence supporting the grand larceny charge, thus according to Va. Sup. Ct. R. 5A:18 he is barred from raising the issue on appeal. (ECF No. 8-2 at 2). This finding was based on the fact that in his motion to strike, Stancel's trial counsel argued only as follows: "As it relates to the crabmeat that was in the back of the truck, I would like to make an argument. I believe that's basically a jury question, your Honor." Id.

The transcripts of the proceedings do, in fact, reflect that trial counsel's motion to strike was only with respect to the truck, and not the crabmeat. (ECF No. 1-5 at 57). Trial counsel states, "I have a motion to strike as it relates to the truck," and then goes on to say that the issue of the crabmeat is a question for the jury. Trial counsel did not preserve the issue of the crabmeat in his motion to strike, and based on Va. Sup. Ct. R. 5A:18 he is barred from raising the issue on his direct appeal.[1]

As Stancel's denial on direct appeal was based on an adequate and independent state ground the claim is procedurally defaulted in federal court. "A claim that could have been raised at the criminal trial or on direct appeal is not cognizable in habeas corpus because to do so would circumvent the trial and appellate process for non-jurisdictional defects." Henry v. Warden, 576 S.E.2d 495, 496 (Va. 2003) (citing Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974)). "Under federal habeas law, [this Court is] not at liberty to question a state court's application of a state procedural rule because a state court's finding of procedural default is not reviewable if the finding is based upon an adequate and independent state ground." Williams v. French, 148 F.3d 203, 209 (4th Cir. 1998) (citing Harris v. Reed, 489 U.S. 255, 262 (1985)). Thus, absent cause and prejudice or proof of a miscarriage of justice, Stancel's current ground for relief concerning the sufficiency of the evidence is barred from federal habeas review. The claim was "clearly and expressly" denied on the independent state grounds that Stancel had failed to preserve it by timely objection. Bennett v. Angelone, 92 F.3d 1136, 1343 (4th Cir. 1996). Stancel has not alleged cause or prejudice, or a miscarriage of justice and none is disclosed by the Court's own review of the record.

---

[1] Although not presented in this federal petition, Stancel's state habeas petition raised a number of claims related to his trial counsel's alleged ineffectiveness, all of which the Supreme Court of Virginia denied on the merits.

6

**B.     Receiving Stolen Goods**

Trial counsel did preserve a sufficiency of the evidence argument for appeal with respect to Stancel's conviction of receiving stolen goods (the truck). In his present federal habeas petition, Stancel merely argues that trial court erred in denying the motion to strike, and does not elaborate on why he believes the evidence is insufficient to sustain his conviction. (ECF No. 1 at 5). In his appeal to the Court of Appeals of Virginia, Stancel argued that there was "absolutely no evidence ...to show that Appellant aided in concealing the truck." (ECF No. 8-7 at 9). He claimed that "Appellant was never in possession of the truck. At best, he was standing near it, which would not be sufficient legal evidence to find that he even constructively possessed the truck." Id.

An essential element of the right to due process is that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof--defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979) (discussing In re Winship, 397 U.S. 358 (1970)). Therefore, a petitioner who alleges that the evidence was insufficient to sustain a conviction has stated a constitutional claim cognizable in a federal habeas corpus proceeding. Id. at 321.

In reviewing a sufficiency of the evidence claim, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). The reviewing court must consider circumstantial as well as direct evidence, and allow the prosecution the benefit of all reasonable inferences from the facts proven

to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In Jackson, the Supreme Court expressly recognized that its holding accorded "full play" to the responsibility of the fact-finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences. Id. In Wright v. West, 505 U.S. 277 (1992), the Supreme Court expounded upon Jackson, stating:

> In Jackson, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of the constitutional sufficiency review. We said that "all of the evidence is to be considered in the light most favorable to the prosecution"; that the prosecution need not affirmatively "rule out every hypothesis except that of guilt"; and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume-- even if it does not affirmatively appear in the record-- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

Id. at 296-97 (internal citations omitted) (emphasis in original).

Considering the evidence required to convict Stancel on this charge, Virginia Code §18.2-108 reads, "If any person buys or receives from another person, or aids in concealing, any stolen goods or other thing, knowing the same to have been stolen, he shall be deemed guilty of larceny thereof, and may be proceeded against, although the principal offender is not convicted." The Virginia Court of Appeals evaluated the evidence at trial in the light most favorable to the Commonwealth and concluded that,

> Appellant was found in close proximity to the stolen truck less than an hour after it was taken. He was unloading the contents from the back of the vehicle, which had been parked between two buildings. The engine was off, and the keys were still in ignition. Appellant exercised dominion and control over the stolen truck. Additionally, appellant fled immediately upon seeing the police approach, permitting the inference of his guilt. It is well established that "[f]light following the commission of a crime is evidence of guilt and the jury may be so instructed." Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996).
> Appellant's proximity to the vehicle, his participation in the removal of its contents, and his attempt to flee provided the jury with sufficient evidence to support his convictions. The Commonwealth's evidence was competent, not

8

inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of grand larceny and receiving stolen property.

(ECF No. 8-2 at 1, 3).

In support of his argument, Stancel has annotated the transcript of the arresting officer's testimony at his preliminary hearing with indications of what he alleges is a "lie" and what is "true." (ECF No. 1-1 at 21-32). Stancel has also underlined portions of the officers' testimony in the trial transcript. (ECF No. 1-5 at 5-42). It is not the role of a federal court in reviewing a habeas petition to re-weigh all of this evidence and review the credibility determinations made by the fact-finder. Marshall v. Longberger, 459 U.S. 422, 434 (1983) (federal habeas court has no license to re-determine credibility of witnesses whose demeanor has been observed by the state trial court). Instead, guided by the standard set forth in Jackson, the undersigned has thoroughly reviewed the record (including the trial transcript) and is satisfied that the prosecution presented sufficient evidence at trial from which a rational fact-finder could have found proof of guilt beyond a reasonable doubt. Therefore, the determination made by the Court of Appeals that Stancel was convicted on sufficient evidence was not an objectively unreasonable application of the standard set forth in Jackson. Williams v. Ozmint, 494 F.3d 478, 489 (4th Cir. 2007); see McDaniel v. Brown, __U.S.__, 130 S. Ct. 665 (2010) (per curiam) (evaluating a Jackson sufficiency of the evidence claim by the standard of review set forth in § 2254(d)(1)).

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Stancel's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED, and respondent's Motion to Dismiss be GRANTED, and the claim dismissed with prejudice.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28

U.S.C. § 636(b)(1)(C):

1.  Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

December 22, 2011

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Alcindor Francis Stancel #1103218
Lunenburg Correctional Center
P.O. Box Y
Victoria, VA 23974-0650


Susan Mozley Harris, Esq.
Office of the Attorney General
900 E Main St
Richmond, VA 23219

                                                   Fernando Galindo,
                                                   Clerk of Court

By: _____
                                           Deputy Clerk

                                       12/22/2011, 2011